# EXHIBIT A

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

**Service Copy**

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH 03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:     **Jodi Bourgeois v  The Gap, Inc., et al**
Case Number:   **216-2023-CV-00395**

Date Complaint Filed: June 29, 2023

A Complaint has been filed against Athleta, LLC; Banana Republic, LLC; Old Navy, LLC; The Gap, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| August 27, 2023 | Jodi Bourgeois shall have this Summons and the attached Complaint served upon Athleta, LLC; Banana Republic, LLC; Old Navy, LLC; The Gap, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| September 17, 2023 | Jodi Bourgeois shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Athleta, LLC; Banana Republic, LLC; Old Navy, LLC; The Gap, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Athleta, LLC; Banana Republic, LLC; Old Navy, LLC; The Gap, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Benjamin T. King, ESQ | Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH  03301 |
| The Gap, Inc. | 2 Folsom Street San Francisco CA  94105 |
| Old Navy, LLC | 2 Folsom Street San Francisco CA  94105 |
| Banana Republic, LLC | 2 Folsom Street San Francisco CA  94105 |
| Athleta, LLC | 2 Folsom Street San Francisco CA  94105 |

BY ORDER OF THE COURT

A TRUE COPY ATTEST:

July 13, 2023

(126849)

W. Michael Scanlon
Clerk of Court

Deputy Brian J. DeFranzo
Merrimack County Sheriff's Office

NHJB-2678-Se (07/01/2018)

This is a Service Document For Case: 216-2023-CV-00395
Hillsborough Superior Court Northern District
7/13/2023 1:38 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH  03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Jodi Bourgeois v  The Gap, Inc., et al**
Case Number:   **216-2023-CV-00395**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Northern District.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Hillsborough Superior Court Northern District** as the location.

3. Select "I am filing into an existing case".  Enter **216-2023-CV-00395** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 6/29/2023 10:22 AM
Hillsborough Superior Court Northern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                      SUPERIOR COURT
NORTHERN DISTRICT                                   216-2023-CV-00395

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,
56 Ode Way
Manchester, NH 03103

v.

THE GAP, INC.
2 Folsom Street
San Francisco, CA 94105

OLD NAVY, LLC
2 Folsom Street
San Francisco, CA 94105

BANANA REPUBLIC, LLC
2 Folsom Street
San Francisco, CA 94105

and

ATHLETA, LLC
2 Folsom Street
San Francisco, CA 94105

### CLASS ACTION COMPLAINT
**Jury Trial Requested**

Plaintiff Jodi Bourgeois, individually and on behalf of all others similarly situated as set

forth herein, alleges as follows:

### NATURE OF THE ACTION

1.      This is a class action against The Gap, Inc. ("Gap"), Old Navy, LLC ("Old

Navy"), Banana Republic, LLC ("Banana Republic"), and Athleta, LLC ("Athleta")

(collectively, "Defendants") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or

"DPA").

2.      Defendants require their customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)      seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

(b)      seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

3.      In contravention of N.H. RSA 260:14, IX(a), Defendants knowingly disclose the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected, during DLTs, from customers' respective driver's licenses (which constitute department records, under the DPA) to a person or persons known by Defendants to be an unauthorized person – including The Retail Equation ("TRE").[1]

4.      In contravention of N.H. RSA 260:14, IX(b), Defendants, in the course of business, knowingly sell, rent, offer, or expose for sale motor vehicle records collected during

---

[1]      The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend for retailers to approve or deny transactions (such as non-receipted returns). Per TRE's website, located at https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions') violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/, states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer. It examines the in-store and online transactions and connects them with an ID number—such as a form of payment or government-issued ID. The system then analyzes that consumer's Transaction history with that retailer to identify activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

2

DLTs – specifically, customers' respective driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in them – to The Retail Equation.

5.      Plaintiff and Class members were never informed by Defendants (and thus never knew) that the information from their respective driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendants, including to TRE.  Plaintiff and Class members thus never consented to Defendants' having disclosed, sold, rented, offered, or exposed for sale the information from their respective driver's licenses, including to TRE.

6.      Such policies and practices are illegal in the state of New Hampshire.

## THE PARTIES

7.      Plaintiff Jodi Bourgeois ("Plaintiff") is a citizen of New Hampshire, residing in Manchester, New Hampshire.  Within the past three years, Plaintiff has made multiple non-receipted returns of clothing to an Old Navy retail store in Manchester, New Hampshire.  Plaintiff similarly completed multiple in-store credit transactions at an Old Navy retail store in Manchester, New Hampshire.

8.      Defendant Old Navy required Plaintiff to release the personal information (including, but not limited to, Plaintiff's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff sought to complete the return of an item without showing a receipt (during Plaintiff's "non-receipted return").

9.      In contravention of N.H. RSA 260:14, IX(a), Defendants knowingly disclosed this information (including, but not limited to, Plaintiff's and Class members' photographs or

3

computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff's and Class members' DLTs, from Plaintiff's and Class members' driver's licenses (which constitutes a department record, under the DPA) to a person or persons known by Defendants to be an unauthorized person – including The Retail Equation.

10.    In contravention of N.H. RSA 260:14, IX(b), Defendants, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected during DLTs – specifically, Plaintiff's and Class members' driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained therein – to The Retail Equation.

11.    Plaintiff and Class members were never informed by Defendants (and thus never knew) that the information from their driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendants, including to TRE. Plaintiff and Class members thus never consented to Defendants' having disclosed, sold, rented, offered, or exposed for sale the information from their driver's licenses, including to TRE.

12.    Defendants are all American clothing and accessories retailing companies.

13.    Defendant The Gap, Inc. ("Gap") is a corporation organized under the laws of Delaware with its principal place of business in San Francisco, California. Gap is the parent company of Defendants Old Navy, LLC, Banana Republic, LLC and Athleta, LLC. On information and belief, Gap enforces a uniform return policy across all retail stores owned and operated by Defendants, and mandates the use of TRE software across all retail stores owned and operated by Defendants.

4

14.     Defendant Old Navy, LLC ("Old Navy") is a limited liability company organized under the laws of Delaware with its principal place of business in San Francisco, California.

15.     Defendant Banana Republic, LLC ("Banana Republic") is a limited liability company organized under the laws of Delaware with its principal place of business in San Francisco, California.

16.     Defendant Athleta, LLC ("Athleta") is a limited liability company organized under the laws of Delaware with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

18.     This Court may exercise personal jurisdiction over Defendants, pursuant to N.H. RSA 510:4, I, because Defendants are nonresidents who transact business within in this state, have committed tortious acts within this state, and have the ownership, use, or possession of any real and personal property situated in this state, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this State.

19.     Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because Plaintiff resides in this County.

## FACTS COMMON TO ALL CLAIMS

20.     The DPA was enacted by the New Hampshire state legislature in 1996[2] and then subsequently amended in response to two primary interests – "public safety as well as privacy."[3] Regarding the former, New Hampshire legislators became aware, "in the course of drafting stalking legislation and domestic violence legislation that one of the ways that victims are

---

[2]https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txts essionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.
[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.

located after great effort to hide their location is through the easy availability of motor vehicle records."[4] The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

21.     For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar [that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6] The DPA works to stymie such voyeurism. Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business. And, it is a stalking problem, in my opinion."[7]

22.     Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but ... to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8] Mr. Stephen, expounding upon the definition of "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms of enforcing motor vehicle records, that motor vehicle records are records that are kept by the

---

[4] *Id.*
[5] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.
[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.
[7] *Id.* at p. 13.
[8] *Id.* at p. 16.

6

Department in its database and involves all registrations, histories, certificates, [and] licenses, including personal information."[9]

23.    Critically, therefore, the DPA reflects the General Court of New Hampshire's understanding that all such material – including driver's licenses and the confidential information contained thereby and therein – are "property of the state."[10]  That is, the DPA's legislative history reveals how "the information on your license, and in that [driver's license] magnetic strip, belongs to the State of New Hampshire[.]"[11]

24.    Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the purpose of getting a license or registration is to be used by the Department and by others for those purposes only. It [i]s not to be used as a data bank for marketing. It [i]s not to be used as a data bank for any other purpose; it [i]s to be used only to enforce motor vehicle laws.[13]

25.    Regarding the first of the proscribed types of conduct described by Mr. Kurk – utilizing driver's licenses and the information contained thereby and therein to build a "data bank for marketing" – the New Hampshire state legislature recognized that "the potential is there to take the information off the back of [a driver's] license and keep a track record . . . of people that . . . come in"[14] to a location.  The General Court noted that a business owner might "break down

---

[9] *Id.*

[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House Actions Archive, p. 11.

[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.

[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.

[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.

[14] *Id.* at p. 16.

7

his clients out by sex, age, zip code, or other characteristics."[15]  With relative ease, one can

conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

26.      Additionally, the legislature worried about how the  hypothetical business owner

described *supra* "could find out how many blonde women named Karen over 5' 2" came in over

a weekend, how many of his customers have the middle initial M. and, more practically, he can

build mailing lists based on all that data and keep track of who comes back."[16]  Thus, even when

customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash

rather than a credit or debit card, by withholding their names from store associates, by choosing

not to share with store associates any receipts from their prior purchases, etc.), the hypothetical

business owner with prying eyes might – profitably and permanently – link a person's business

transactions with that person's identity, simply (and perhaps unbeknownst to said person) by

collecting the person's driver's license.  The General Court, through the DPA, wished to put an

end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit

by usurping the aforementioned property of the state – and to how, by building databases and/or

mailing lists from driver's license information, one can "tell what people have purchased, what

they haven't purchased and you can sell those lists."[17]

27.      Relatedly, the legislative history of the DPA marks the General Court's

apprehension regarding the ways in which such lists or databases might be used, by entities other

than the Department of Safety, and to the detriment of even a privacy-minded person, like people

alluded to above, in order to "establish who that person really is" and "build a database for bio-

metrics."[18]  At least one legislator was particularly dismayed and perturbed by the notion that

---

[15] *Id.* at p. 12.
[16] *Id.*
[17] *Id.* at p. 13.
[18] *Id.*

businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

28.     The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*. Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20] Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

29.     Indeed, a New Hampshire-based news outlet relates:

> John Stephen, assistant commissioner of the N.H. Department of Safety, said, "The Legislature gave a clear intent when they passed the driver privacy act — to protect driver information. The bottom line is that the act of establishing a database using that information is, in our minds, contrary to the intent of that law. This should not be done in New Hampshire. It's clear in our minds, people in this state are very committed to protecting the information the Department of Motor Vehicles retains on drivers." Stephen said the retail operations have not been authorized to use or to collect the information on drivers' licenses, and he wants the practice to stop. "No agency, outside of law enforcement, has been authorized by the Department of Motor Vehicles to collect this information, for any purpose," Stephen said.[21]

30.     However, Defendants plainly violate the Driver Privacy Act.

31.     In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

---

[19] *Id.*
[20] *Id.*
[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

9

(a) "Motor vehicle records" means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.

(b) "Person" means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.

(c) "Personal information" means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

(d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

32.    Under these definitions:

(a)    Defendants' customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records." N.H. RSA 260:14, I(a).

(b)    Defendants, as "organizations or entities," constitutes a "person." N.H. RSA 260:14, I(b).

(c)    The information in Defendants' customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's photograph or computerized image, social security number, driver identification number,

name, address (but not the 5-digit zip code), telephone number, and medical or disability

information, constitutes "personal information." N.H. RSA 260:14, I(c).

    (d)    Defendants are not "legitimate businesses" because Defendants do

not receive compensation in connection with matters of motor vehicle or driver safety or

theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research. N.H. RSA 260:14, I(d).

33.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

34.    In contravention of N.H. RSA 260:14, IX(a), Defendants knowingly disclose the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendants to be an

unauthorized person – including The Retail Equationn

35.    Defendants engage in this conduct so that TRE, on Defendants' behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

11

and then analyze customers' transaction history with Defendants to identify activity that appears

to be fraudulent, abusive, or in violation of the Defendants' policies (i.e., Defendants' checkout,

non-receipted return, and/or in-store credit transactions policies).

36.     N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business,
> such person knowingly sells, rents, offers, or exposes for sale
> motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

37.     In contravention of N.H. RSA 260:14, IX(b), Defendants, in the course of

business, knowingly sell, rent, offer, or expose for sale motor vehicle records collected during

DLTs – specifically, customers' respective driver's licenses issued or revoked by the department

relative to motor vehicles and/or the information, including personal information, contained in

them – to The Retail Equation.

38.     Defendants engage in this conduct so that TRE, on Defendants' behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

and then analyze customers' transaction history with Defendants to identify activity that appears

to be fraudulent, abusive, or in violation of the Defendants' policies (i.e., Defendant's checkout,

non-receipted return, and/or in-store credit transactions policies).

39.     Plaintiff brings this action to prevent Defendants from further encroaching upon

the privacy rights of New Hampshire residents, and to recover liquidated damages for

Defendants' violations of the DPA.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license
> information (including, but not limited to, customers' photographs

12

or computerized images, social security numbers, driver
identification numbers, names, addresses, telephone numbers,
and/or medical or disability information) was collected by
Defendants and disclosed, sold, rented, offered, or exposed for sale
by Defendants, including to The Retail Equation.

41.     Excluded from the Class are Defendants, its subsidiaries, affiliates, officers,

directors, assigns and successors, and any entity in which it has a controlling interest, and the

Judge to whom this case is assigned and any member of his or her immediate family.

42.     Members of the Class are so numerous that their individual joinder herein is

impracticable.  On information and belief, members of the Class number in the hundreds of

thousands.  The precise number of Class members and their identities are unknown to Plaintiff at

this time but will be determined through discovery.  Class members may be notified of the

pendency of this action by mail and/or publication through the distribution records of Defendants

and third-party retailers and vendors.

43.     Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to:

        (a)     whether Defendants "knowingly disclose information from a department

record to a person known by such person to be an unauthorized person; knowingly make false

representations to obtain information from a department record; or knowingly use such

information for any use other than the use authorized by the department";

        (b)     whether in the course of business, Defendants "knowingly sell, rent, offer,

or expose for sale motor vehicle records to another person";

        (c)     whether Defendants' conduct violates N.H. RSA 260:14, IX(a), N.H. RSA

260:14, IX(b), and/or any other applicable laws; and

13

(d)    whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

44.    Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendants and disclosed, sold, rented, offered, or exposed for sale by Defendants, including to The Retail Equation.

45.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

46.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Violation of N.H. RSA 260:14, IX(a)**

47.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

49.    Defendants' customers' driver's licenses, including the personal information contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

50.    Defendants, as "organizations or entities," constitute a "person" under N.H. RSA 260:14, I(b).

51.    The information in Defendants' customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

52.    Defendants are not "legitimate businesses" under N.H. RSA 260:14, I(d) because Defendants do not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

53.    Defendants require their customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or

15

disability information) in the customers' respective driver's licenses at various points

(collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

        (a)     seeking to complete the return of an item without showing a receipt

(during a "non-receipted return").

        (b)     seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

      54.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

      55.    In contravention of N.H. RSA 260:14, IX(a), Defendants knowingly disclose the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendants to be an

unauthorized person – including The Retail Equation.

56.     Defendants engage in this conduct so that TRE, on Defendants' behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendants to identify activity that appears to be fraudulent, abusive, or in violation of the Defendants' policies (i.e., Defendants' checkout, non-receipted return, and/or in-store credit transactions policies).

57.     Plaintiff and Class members were never informed by Defendants (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendants, including to TRE. Plaintiff and Class members thus never consented to Defendants' having disclosed the information from their respective driver's licenses, including to TRE.

58.     Each time that Defendants knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendants to be an unauthorized person – including The Retail Equation – Defendants committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

59.     Plaintiff and Class members were injured as a direct and proximate result of Defendants' conduct, pursuant to N.H. RSA 260:14, IX(a), because:

(a)     Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendants' having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

17

(b)    By disclosing customers' information to a person or persons known by Defendants to be an unauthorized person – including The Retail Equation – Defendants have encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

60.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

61.    Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

62.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

63.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

64.    Defendants' customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

65.    Defendants, as "organizations or entities," constitute persons under N.H. RSA 260:14, I(b).

66.     The information in Defendants' customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

67.     Defendants are not "legitimate businesses" under N.H. RSA 260:14, I(d) because Defendants do not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

68.     Defendants require their customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

   (a)     seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

   (b)     seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

69.     N.H. RSA 260:14, IX(b) provides:

   A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

19

70.     In contravention of N.H. RSA 260:14, IX(b), Defendants, in the course of business, knowingly sell, rent, offer, or expose for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

71.     Defendants engage in this conduct so that TRE, on Defendants' behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendants to identify activity that appears to be fraudulent, abusive, or in violation of the Defendants' policies (i.e., Defendants' checkout, non-receipted return, and/or in-store credit transactions policies).

72.     Plaintiff and Class members were never informed by Defendants (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendants, including to TRE.  Plaintiff and Class members thus never consented to Defendants' having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

73.     Each time that Defendants knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendants committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

74.     Plaintiff and Class members were injured as a direct and proximate result of Defendants' conduct, pursuant to N.H. RSA 260:14, IX(b), because:

20

(a)     Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendants' having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE, they would have withheld their consent.

(b)     By having sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendants have thus encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

75.     N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

76.     Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.     For an order certifying the Class under N.H. Super. Ct. R. CIV 16 and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

21

b.    For an order declaring that Defendants' conduct, as set out above, violates the DPA, N.H. RSA 260:14;

c.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.    For liquidated damages of $2,500.00 for each of Defendants' violations of the DPA, pursuant to N.H. RSA 260:14, X;

e.    For injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendants to comply with N.H. RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

g.    For pre- and post-judgment interest on all amounts awarded, to the extent allowable; and

h.    For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

> Respectfully submitted,
> JODI BOURGEOIS,
> By her attorneys,
>
> **DOUGLAS, LEONARD & GARVEY, P.C.**

Date:  June 29, 2023          By:    /s/ Benjamin T. King
                                     Benjamin T. King, NH Bar #12888
                                     14 South Street, Suite 5
                                     Concord, NH 03301
                                     (603) 224-1988
                                     benjamin@nhlawoffice.com

                                     and

22

**BURSOR & FISHER, P.A.**

Date:  June 29, 2023

By:    /s/ Philip L. Fraietta
       Philip L. Fraietta, NY Bar #5297825
       (*to be admitted pro hac vice*)
       /s/ Matthew A. Girardi
       Matthew A. Girardi, NY Bar #5857057
       (*to be admitted pro hac vice*)
       1330 Avenue of the Americas
       New York, NY 10019
       (646) 837-7150
       pfraietta@bursor.com
       mgirardi@bursor.com

23

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

OLD NAVY, LLC
2 1/2 BEACON ST   141
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                          7/17/23

I, DEPUTY BRIAN J DEFRANZO, on this day at **12:40** a.m./p.m., summoned the within named defendant OLD NAVY, LLC by leaving at the office of Registered Agent CT Corporation, 2 1/2 Beacon Street, Ste 141, Concord, said County and State of New Hampshire, its true and lawful agent for the service of process under and by virtue of Chapter 293-A, NH RSA as amended, a true and attested copy of this Summons and Complaint.

FEES

```
    Service  $30.66
    Postage    1.00
    Travel     0.00
            _____
TOTAL       $31.66
```

DEPUTY BRIAN J DEFRANZO
Merrimack County Sheriff's Office

Hillsborough North

# Case Summary

### Case No. 216-2023-CV-00395

| | | |
|---|---|---|
| **Jodi Bourgeois v The Gap, Inc., et al** | § | Location: **Hillsborough North** |
| | § | Filed on: **06/29/2023** |

---

## Case Information

Case Type:  Tort-Other
Case Status:  **06/29/2023   Pending**

## Assignment Information

**Current Case Assignment**
Case Number   216-2023-CV-00395
Court             Hillsborough North
Date Assigned  06/29/2023

---

## Party Information

**Plaintiff**    **Bourgeois, Jodi**        **King, Benjamin T. ESQ**
                                            *Retained*
                                            603-224-1988(W)

**Defendant**   **Athleta, LLC**

                **Banana Republic, LLC**

                **Old Navy, LLC**

                **The Gap, Inc.**

---

## Events and Orders of the Court

| | | |
|---|---|---|
| 06/29/2023 | Complaint - Civil<br>*Class Action -Jury Trial*<br>Party:   Plaintiff Bourgeois, Jodi | Index # 1 |
| 07/13/2023 | Summons on Complaint<br>*Env 3084697* | Index # 2 |
| 07/13/2023 | **Service**<br>The Gap, Inc.<br>Served: 07/17/2023<br>Old Navy, LLC<br>Served: 07/17/2023<br>Banana Republic, LLC<br>Served: 07/17/2023<br>Athleta, LLC<br>Served: 07/17/2023 | |
| 07/17/2023 | Service | |
| 07/19/2023 | Return of Service<br>- *The Gap*<br>Party:   Plaintiff Bourgeois, Jodi | Index # 3 |
| 07/19/2023 | Return of Service<br>- *Old Navy* | Index # 4 |

Printed on 08/15/2023 at 5:38 PM

**Hillisborough North**

## Case Summary

**Case No. 216-2023-CV-00395**

Party:   Plaintiff Bourgeois, Jodi

07/19/2023    Return of Service                                                    Index # 5
             *- Banana Republic*
             Party:   Plaintiff Bourgeois, Jodi

07/19/2023    Return of Service                                                    Index # 6
             *- Athleta*
             Party:   Plaintiff Bourgeois, Jodi